

**FILED**

**JAN. 25, 2022**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| FREDERICK OMOYUMA SILVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-00053 (UNA) |
| | ) | |
| | ) | |
| ANTONY JOHN BLINKEN, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant the IFP application and dismiss the case for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff sues the United States Secretary of State and the Secretary of the Department of Health and Human Services for violations of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.* Compl. at 2–3. He contends that he sought renewal of his passport, but on November 24, 2021, he received a notice letter from the State Department that he was ineligible for a renewal because the agency had been informed by Health and Human Services that plaintiff was arrears to a state agency in child support. *See id.* at 4–5; Compl. Ex. 1, ECF No. 1 at 7, (State Department Notice Letter); *see also* 42 U.S.C. § 652(k); 22 CFR § 51.60(a)(2). On November 27, 2021, he responded to the State Department, denying that he has "a child support debt" and demanding proof from the agency of same. *See* Compl. at 4. He now asks this court to "issue an order" to the Secretary of State to produce plaintiff's "international travel passport." *Id.* at 5. He also seemingly demands one hundred million dollars. *See* Civil Cover Sheet, ECF No. 1-1.

First, the APA only waives the federal government's sovereign immunity for *non-monetary* claims, *see* 5 U.S.C. § 702 (emphasis added); *see Cohen v. United States*, 650 F.3d 717, 723 (D.C. Cir. 2011) (en banc) ("[T]here is no doubt Congress lifted the bar of sovereign immunity in [APA] actions *not seeking* money damages.") (emphasis added).   Therefore, any claims for damages under the APA cannot proceed.

Second, the APA provides two methods by which a plaintiff may seek equitable relief. A court may (1) "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), or (2) "hold unlawful and set aside agency action" that is, among other things, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," *id.* § 706(2). Plaintiff does not identify the APA provision under which he purports to bring his claim.

If plaintiff seeks to challenge the State Department's notice letter and its findings, it does not appear that the notice letter constitutes "final agency action" as required by statute, *see* 5 U.S.C. § 704, because, not only has plaintiff subsequently submitted additional correspondence to the agency for its review, *see* Compl. at 4, but his application has not yet been denied, *see* Compl. Ex. 1; *see also* Compl. Ex. 2 (indicating that his application is still "in process").   Instead, the State Department's notice letter provides plaintiff with specific instructions as to how to submit proof that he is not, in fact, in arrears, and allowing him 90-days to comply with those instructions, *vis-à-vis* the applicable state agency, and thereafter, the federal government.   *See* Compl. Ex. 1. Plaintiff has not pleaded that he has made any efforts in this regard, and furthermore, he is still within the 90-day time frame to make such efforts.   Without a final agency decision, plaintiff may not seek relief pursuant to Section 706(2), as seeking relief from this court would be premature. *See FTC v. Standard Oil Co*., 449 U.S. 232, 241 (1980); *Sw. Airlines Co. v. DOT*, 832 F.3d 270, 275 (D.C. Cir. 2016).

Alternatively, if plaintiff seeks to compel the State Department to act, it is unclear why the agency is obligated to do so.  A claim under Section 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is required to take." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original).  As noted, there is no indication that plaintiff has complied with the agency's instructions.  He has instead demanded that the State Department *provide him* with proof of his child support debt, *see* Compl. at 4, but he has not cited any authority under which the State Department must comply with this directive. "[T]he only agency action that can be compelled under the APA is action *legally required*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original).  Moreover, the agency's notice letter explicitly indicates that "[n]either this passport agency nor the Department of State has information concerning your child support obligation." Compl. Ex. 1.  The letter then provides a website to a list of state child support enforcement agencies with their applicable contact information where plaintiff may request the "proof" that he seeks.  *See id*.  It is unclear why plaintiff believes that the Statement Department is bound to provide him with information that it does not possess.

Consequently, plaintiff has failed to state a claim, and as a result, this case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date: January 25, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge